**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4532**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JAY BERNARD RIVERS,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:15-cr-00164-JRS-1)

Submitted: April 24, 2017                Decided: May 3, 2017

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Theodore D. Bruns, BLACKBURN, CONTE, SCHILLING & CLICK, P.C., Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael C. Moore, Thomas A. Garnett, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay Bernard Rivers appeals his convictions for bank fraud, conspiracy to commit bank fraud, aggravated identity theft, and theft of United States mail. On appeal, Rivers contends that the district court erroneously admitted evidence of his attempted flight from law enforcement. He also argues that the district court erred by refusing to reopen the case after the close of evidence to allow him to testify, after he waived his right to testify. Finding no error, we affirm.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Byers*, 649 F.3d 197, 213 (4th Cir. 2011). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *Id.* (internal quotation marks omitted). The evidence's prejudicial effect also must not substantially outweigh its probative value. *Byers*, 649 F.3d at 206; *see* Fed. R. Evid. 403.

Having reviewed the record, we conclude that the district court did not abuse its discretion by admitting the challenged evidence. The jury had sufficient evidence from which it could infer that Rivers' attempted flight resulted from his guilt of the instant offenses, *see United States v. Obi*, 239 F.3d 662, 665-66 (4th Cir. 2001), and we do not

2

find the flight evidence so unfairly prejudicial as to require exclusion under Rule 403. We also conclude that the district court did not abuse its discretion by refusing to reopen the case to allow Rivers to testify after he relinquished his right to do so. *See United States v. Nunez*, 432 F.3d 573, 579 (4th Cir. 2005) (stating standard of review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*